STATE OF VERMONT

ENVIRONMENTAL COURT

```
                              }
In re: Appeal of              }
  Larry and Jane Stevens      }          Docket No. 153-8-99 Vtec
                              }
                              }
```

<u>Decision and Order on Cross-Motions for Summary Judgment</u>

Appellants Larry and Jane Stevens appealed from a decision of the Development Review Board (DRB) of the Town of Bolton denying their appeal of the Zoning Administrator's ruling that their proposal required application for subdivision approval rather than consideration as a "minor" subdivision.  Appellants are represented by Vincent A. Paradis, Esq.; the Town of Bolton is represented by Amanda S.E. Lafferty, Esq.; the owners of a neighboring parcel of property, Kevin Ruelle and Astrid Suursoo, have entered their appearance and represent themselves, but have not participated in briefing the motions for summary judgment.  Appellants and the Town have moved for summary judgment on the interpretation of the minor subdivision provisions of the Subdivision Regulations.

Patricia Porter, Gillian Berna, Susan Noland and John H. Porter, Jr. ("Grantors") owned a 174.97 acre parcel of largely undeveloped land in the Rural II zoning district of the Town of Bolton.  On January 26, 1999, they conveyed the 6.22-acre camp lot to Robert and Christine Fischer.  That conveyance was approved as a minor subdivision on February 24, 1999, but its attached plat, entitled "Lands to be conveyed to Robert Fischer, Mill Brook Road" seems to have been recorded on August 18, 1995 and is stamped as having been approved by the Planning Commission in 1995.  However, neither the 1995 application for subdivision approval nor the Planning Commission's 1995 action on that application has been provided to the Court in connection with the motions for summary judgment.

The 1995 Plat shows the interior Fischer lot, with all the surrounding land shown as "land to be retained by Pat Porter," in two parcels: one proposed 38.3-acre lot and the

1

remaining undifferentiated retained land. Note #5 on the December 1998 Plat submitted as Exhibit D and carried forward to Exhibit H in this matter reflects the 1995 approval of the Fischer lot, but states that the conveyance had not occurred.

After Grantors had sold the Fischer lot, on February 17, 1999, they conveyed the remaining 168.75 acres of land to Appellants. The property was shown on a survey map prepared by the firm of Lamoureux and Dickinson dated December 17, 1998, checked with the status "Preliminary" and entitled "Three Lot Subdivision Property Plat" and "Lands Proposed to be Conveyed to Larry and Jane Stevens." The December 1998 preliminary plat shows the Fischer lot and shows the remaining land divided into three lots: 148.31 acres, 10.11 acres and 10.33 acres, respectively. Appellants submitted the December 1998 preliminary plat for filing in the land records in connection with their February 1999 deeds to the property.

The Chair of the DRB advised Appellants by letter dated April 14, 1999 that the plat would be recorded in connection with the property transaction, but that its filing did not constitute an approval of a subdivision. Appellants' position, in agreement with that letter, is that the filing of the December 1998 preliminary plat with the deed was to supplement the deed description and not as an application for or approval of a subdivision. The April 14, 1999 letter also advised Appellants to submit an application for subdivision approval.

On June 23, 1999, Appellants applied for Minor Subdivision approval of a subdivision of their property into three lots, different from those shown on the December 1998 preliminary plat, and different from those shown on the 1995 approved plat for the subdivision to Fischer. Each of the proposed lots exceeded 30 acres in size (30.21, 30.19 and 90.07 acres respectively). The Zoning Administrator denied the application on the basis that it required subdivision approval as a major subdivision under the Subdivision Regulations. The DRB denied Appellants' appeal of the Zoning Administrator's decision on August 3, 1999 and Appellants brought this appeal.

The Subdivision Regulations define the term "subdivision" in Article VIII as "any land, vacant or improved, which is divided or proposed to be divided into four (4) or more lots, parcels, sites, units, plots or interests for the purposes of offer, transfer, sale, lease or development," and the term is specifically defined to "include[] amended subdivisions and

2

resubdivisions by existing owners or by subsequent owners." No land may be subdivided until final approval is obtained from the DRB and the approved final subdivision plat is recorded in the land records. §140.1.

The term "minor subdivision" is defined either as land proposed to be divided into three or [fewer] lots, or as "the division of large parcels where all lots created are greater than thirty(30) acres." A minor subdivision is not considered a subdivision under the Regulations, and does not require DRB approval, although a survey plat by a licensed land surveyor is required to be recorded in the Town Land Records. §140.2.

Appellants contend that they propose to divide their land into only three lots, each of which is greater than 30 acres, and that therefore their proposal must be treated as a minor subdivision under either prong of the definition of minor subdivision. The Town contends that the originally-proposed division of Grantors' land, as shown on Exhibit D, was a division into four lots, so that Grantors should have obtained subdivision approval for it, and that Appellants' reconfiguration of the plan into three different-sized lots plus the Fischer lot is a resubdivision or amendment of that original 4-lot plan, which itself requires a subdivision permit or permit amendment.

However, Grantor Pat Porter appears to have received minor subdivision approval in 1995 for a three-lot subdivision, to convey the 6.22-acre lot to Fischer and retain the remainder as two proposed parcels. If so, then the originally-proposed and -approved subdivision of Grantors' land was a division into only three lots. In that case, Appellants' current application would fall within the plain text of the definition of minor subdivision under either prong of the definition. It would be a resubdivision of the two lots of retained land from the 1995 subdivision into three lots, each of over 30 acres.

On the other hand, if Grantors' 1995 application or approval was of a plan for the conveyance of four lots, whether or not those lots differ from the lots shown on Appellants' current application, then Grantors should have been required to receive major subdivision approval at that time, and Appellants must go through major subdivision approval as an amendment of that original plan.

Accordingly, based on the foregoing, the Town's and Appellants' Cross-Motions for Summary Judgment are DENIED because material facts are in dispute. This matter will be

3

set for a conference to discuss whether the parties wish to supplement their summary judgment motions or to go forward with a hearing.  Mr. Ruelle and Ms. Suursoo should provide the Court with a telephone number at which they can be reached together for the telephone conference, if they wish to participate.

Done at Barre, Vermont, this 23rd day of May, 2000.

_____

Merideth Wright
Environmental Judge

4